**Bradley Ruggles**

12718 W Avalon Dr

Avondale, AZ 85392

**Pro Se**

☑ FILED ___ LODGED
___ RECEIVED ___ COPY
APR 1 5 2024
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Bradley J. Ruggles, | Case No.: **CV24-00856-PHX-DWL** |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| State of Arizona, Arizona Department of Veterans Services, Arizona Department of Administration, Dana Allmond, Wanda Wright, Kimberly Trotta, John Scott, Adela Buelna, Jeffrey Cook, Kevin Anderson, Danielle Salomon, Marisella Gomez, Lorene Mills, Angela Reboul, and John/Jane Doe | **JURY TRIAL DEMANDED** |
| Defendants | |

Plaintiff, Bradley Ruggles, individual brings this complaint against Defendants State of Arizona, Arizona Department of Veterans Services, Arizona Department of Administration, Dana Allmond, Wanda Wright, Kimberly Trotta, John Scott, Adela Buelna, Jeffrey Cook,

1

Kevin Anderson, Danielle Salomon, Marisella Gomez, Lorene Mills, Angela Reboul, and John/Jane Doe, (collectively the Defendants). Plaintiffs make the following allegations upon personal knowledge as to their own acts, and upon information and belief, and their investigation, as to all other matters, alleging as follows:

## I. NATURE OF THE ACTION

The Plaintiff finds the Defendants in violation of Title VII of the Civil Rights Act of 1964, discrimination based on sex, The Whistleblower Protection Act, protects employees or applicants for employment from retaliation for making protected disclosures, The Family and Medical Leave Act of 1993, a United States labor law requiring covered employers to provide employees with job-protected, unpaid leave for qualified medical and family reasons, ARS § 12-541(1) - for injuries done to the character or reputation of another by libel or slander, ARS § 41-1472(a)(1-2), hostile work environments are prohibited under various federal anti-discrimination laws, such as Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990 (ADA).

## II. PARTIES

A. Plaintiff

*Bradley Ruggles* is an Arizona citizen, residing in Avondale, Maricopa County, Arizona.

B. Defendants

*State of Arizona*, employer of Plaintiff

*Arizona Department of Veterans Services*, place of work for plaintiff

*Arizona Department of Administration (ADOA),* department involved in improper dismissal of Plaintiff.

*Dana Allmond,* current Director of Arizona Department of Veterans Services

*Wanda Wright,* prior Director of Arizona Department of Veterans Services

*Kimberly Trotta,* Deputy Director of Arizona Department of Veterans Services

*John Scott,* Deputy Director of Arizona Department of Veterans Services

*Adela Buelna,* Assistant Duty Director of Nursing for Arizona Department of Veterans Services

*Jeffrey Cook,* Administrator for Arizona Department of Veterans Services State Veterans Home

*Kevin Anderson,* Director of Nursing for Arizona Department of Veterans Services State Veterans Home

*Danielle Salomon* HR Director for Arizona Department of Veterans Services State Veterans Home

*Marisella Gomez,* HR personnel for Arizona Department of Veterans Services State Veterans Home

*Lorene Mills,* HR personnel for Arizona Department of Veterans Services State Veterans Home

*Angela Reboul,* Nurse at Arizona Department of Veterans Services State Veterans Home

*John/Jane Doe,* (state employee) unknown state employee who was involved in workplace discrimination based on gender, libel defamation, retaliation, Negligent

infliction of emotional distress (NEID), intentional infliction of emotional distress (IIED), and wrongful termination. ARS § 12-541(1) - for injuries done to the character or reputation of another by libel or slander, ARS § 41-1472(a)(1-2), hostile work environments are prohibited under various federal anti-discrimination laws, such as Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990 (ADA).

### III. JURISDICTION AND VENUE

This Court has original jurisdiction under 42 U.S. Code § 2000e–2(a)(1), 42 U.S. Code § 2000e–2(a)(2), 28 U.S. Code § 1331, 28 U.S.C. §§ 1346, 2671-2680, TITLE 18, U.S.C., SECTION 242, 28 U.S. Code § 1332

### IV. FACTUAL ALLEGATIONS

1. The Plaintiff was victim of libel, when State employee Reboul knowingly wrote false statements (six-page complaint) against the Plaintiff to cause damages against him

2. The Plaintiff was victim of slander, when State employee Reboul knowingly made false statements to Veterans family members against Plaintiff to cause damages

3. The Plaintiff was victim of slander, when State employee John/Jane Doe claimed the Plaint was guilty without any investigations based solely on false claims made by Reboul, solely based on his *male gender*.

4. The Plaintiff was victim of retaliation for filing an EEOC complaint against HR, for agreeing to testify against the State in the violation of Veterans rights.

4

5. The Plaintiff was victim of Negligent infliction of emotional distress (NEID) by the outrageous actions taken against him for conducting his duties as Assistant Director of Nursing for the State

6. The Plaintiff was victim of Intentional infliction of emotional distress (IIED) by the intentional outrageous actions taken against him for conducting his duties as Assistant Director of Nursing for the State

7. The plaintiff was victim of wrongful termination as he was on *FLMA* during the time, the Plaintiff was a *whistleblower*, based on the *Sex* on the Plaintiff, that HR lied about no findings in their investigations to remove the Plaintiff right to appeal a disciplinary action to ADOA

## V. CLAIMS ALLEGED

Plaintiff worked for the State of Arizona as an Assistant Director of Nursing for the Arizona Department of Veteran Services in the Phoenix State Veterans home. Plaintiff filed for FMLA in October of 2022 for his medical issue relate to his back. Plaintiff also agreed to testify on the Veterans behalf in a case against the State related to the violation of their rights in December 2022. In an ongoing issue with State employee Angela Reboul the Plaintiff had multiple behaviors and performance issues to address. First being inappropriate interaction with the housekeeping Director over the discipline action of the Directors employee. Reboul not only interfered with the interaction between the Director and his employee and having been spoke to about its inappropriate nature by the plaintiff, but Reboul also continued by writing a letter to the administrator and HR in an attempt to get the Director disciplined and/or fired. Next issue was the ongoing unauthorized overtime that Reboul had been

abusing for the last two years. The unauthorized overtime was under investigation as the units other nursing staff never had overtime and Reboul always did and she was also taking online courses for her Bachelorette of Science for Nursing (BSN) and as per the prior Director of Nursing inappropriate romantic relationships at work. Another issue was with the harassment, intimidation and hostile work environment Reboul had currently been involved in. Reboul was issuing unauthorized procedures and practices for the Activities Department to take Veteran to activities off the unit. Administrator Jeff Cook and the Plaintiff as well as the social workers director and Activities Director all met and discussed a resolution to the issue and issued new guidance which Reboul refused to follow, continuing her harassment against activities staff members. Administrator Jeff Cook and DON Kevin Anderson both agreed with the Plaintiffs recommendations not to move forward with dismissal and to instead initiate and performance improvement plan (PIP). The Plaintiff, although not required, as Reboul was hired into the position of Nurse Supervisor for many years, included a one-month period of training under another Nurse Supervisor to ensure success. Reboul PIP was to cover another unit in which the Nurse Supervisor would be absent for paternity FLMA leave which would roughly last 12 weeks. On the day before the start of her one-month training Reboul as well as the Nurse Supervisor that was assigned to provide the training came to the Plaintiffs office. Reboul began to give many excuses why she could not take on this assignment, none of them being a valid reason to refuse the assignment. After Reboul exhausted her reasoning the plaintiff gave the facility needs for the transfer, Reboul again start to repeat her lengthy refusal when the plaintiff stopped her and agreed to disagree and gave Reboul permission to seek guidance from someone above him in the chain of

6

command. Reboul then went to the Administrator, in absence of the Director of Nursing, and gave her invalid reason to him. The Administrator refused to take action and asked that she comply until Monday when the Director of Nursing would be back at work. Reboul, upset by not getting her way proceeded to her unit and discussed her disciplinary actions with Veterans loved ones, making them very upset. The Veterans' loved ones proceeded to make threats that if Reboul was moved then they would remove their loved ones from the facility. After creating yet another disciplinary issue, Reboul was allowed to wait on her training start date until the following Wednesday when the Director of Nursing and Reboul could discuss her unacceptable behavior and actions. On that Wednesday, prior to the Director of Nursing having an opportunity to speak with Reboul, Reboul wrote a six-page complaint to Human Resources (HR) against the Plaintiff. The Plaintiff was not made aware of any complaint against him from HR but rather that HR had received a six-page complaint from Reboul. The Plaintiff knew off multiple false complaints against other employees and her history of running to HR for protection when her work performance comes into question. The Plaintiff reached out to HR and asked about reassigning the employee, HR reinforced that it was proper and offered no policies and guidance further. On January 19th, 2023, the Plaintiff was conducting one on one meetings with the evening Nurse Supervisors, upon completion of the two meetings the Plaintiffs was conduction a walk through with one of the Supervisors when it was discovered that Reboul was still in the facility an hour after the end of her shift. The Plaintiff asked for both Supervisors to come with him to address the unauthorized overtime and both were hesitant due to both being victims of Reboul's false HR complaints. One agreed and walked with the Plaintiff to ask Reboul if she needed assistance and so the on

duty Supervisor could take over. The plaintiff asked if their was an ongoing issue from her shift and Reboul replied, "I'm on the phone with pharmacy." The plaintiff replied, "we are a twenty-four-hour facility, can the nurse or supervisor take over?" Reboul screamed, "call Kevin, call Kevin, call Kevin!" The Plaintiff and on duty supervisor left and the Plaintiff left the building. While in the parking lot the Plaintiff received a phone call from the Director of Nursing, Kevin, who instructed him to leave and not return. The Plaintiff complied and left. On the drive home the Plaintiff received an allegation of abuse to one of the veterans, the abuse officer which is the Administrator was called and the task of reporting was delegated to the plaintiff. The Plaintiff tried to delegate it to the on-duty supervisors but one was busy with a nursing issue and the other did not know what to do being new to her position. The Plaintiff, not having his work computer and reporting being time sensitive, returned to the facility and met with the unknowing on duty supervisor and trained her in the step of filing an abuse allegation. Upon return to work the following day, the Director of Nursing told the Plaintiff that HR said the Plaintiff was guilty and the aggressor because he was a male. The Plaintiff having just being told he was being discriminated against because of his gender filed an EEOC complaint. Copies were filed with the Director of nursing and the Administrator. The Director allowed the Plaintiff to work from home on Monday and Tuesday since Reboul would be in the building and he did not want any further complaint made against the Plaintiff. The Plaintiff returned to the facility on Wednesday to attend a Director of Nursing Services certification call with the Director of Nursing. During the course the Administrator interrupted and pulled the Plaintiff out of his class and instructed the Plaintiff that he had to leave immediately and was now placed on administrative leave. No reasons were given to

the Plaintiff for this action. Plaintiff was placed on administrative leave for sixteen weeks which is the longest known leave during the Plaintiff time with the State. HR called the Plaintiff on May 10th, 2023, and stated that the investigation was complete and no claims were substantiated. HR asked the Plaintiff to come into work. Upon arriving at the facility, the Plaintiff met with the Administrator and HR representative Gomez, Cook advised the Plaintiff he was now being dismissed "at will," and no longer was employed by the State.

### FIRST CLAIM FOR RELIEF

Discrimination based on sex;

The State of Arizona and Defendants discriminated against the Plaintiff when stating the Plaintiff was guilty based on his sex, *male*, the Defendants further discriminated against the Plaintiff based on sex with their outrageous and purposeful length of administrative leave (different from all other previous false claim made from Reboul against female State employees), the Defendants further discriminated against the Plaintiff based on sex when they dismissed at will (different from all other previous false claim made from Reboul against female State employees)

### SECOND CLAIM FOR RELIEF

Retaliation claim FMLA, Whistle blower, EEOC complaint.

The Defendants retaliated against the Plaintiff for requesting and being on FMLA related to his prior medical conditions. In prior case law it was found, "Coupled with her supervisor's knowledge of her prior diagnosis and treatment, the suggestion of a hidden motive is enough to raise an inference of a discriminatory motive — at least at this early stage in the proceedings. See generally Heiko v.

Colombo Savings Bank, F.S.B., 434 F.3d 249, 258 (4th Cir. 2006) (applying framework from McDonald Douglas Corp. v. Green, 411 U.S. 792 (1973) to ADA claim). The Director of Nursing (DON) ask in detail of my FLMA status and what medical reasons I had to qualify; the DON asked the Plaintiff not to take any time off until after the first of the year all in violation of FMLA.

The Defendants retaliated against the Plaintiff for agreeing to testify against the Defendants in an ongoing rights violation involving the Veterans with their outrageous actions resulting in dismissal. The Defendants retaliated against the Plaintiff by placing the Plaintiff on administrative leave after filing an EEOC complaint based on the Defendants claim against the Plaintiff of guilt based on his sex and dismissal in conclusion of the Defendants investigation.

### THIRD CLAIM FOR RELIEF

Libel Defamation;

      The Defendants committed Libel when writing a six-page complaint against the Plaintiff which were false, resulting in damages, outrageous disciplinary actions and ultimately dismissal.

### FORTH CLAIM FOR RELIEF

Slander Defamation;

      The defendants committed slander when making false statements to veteran's family members against the Plaintiff, resulting in damages, outrageous disciplinary actions and ultimately dismissal.

### FIFTH CLAIM FOR RELIEF

Negligent infliction of emotional distress (NIED);

      The defendants committed NIED when they outrageously placed the Plaintiff on administrative leave for a length of time not seen previously, this damaged the credibility of

the Plaintiff as a member of the leadership in the organization, lying to the Plaintiff about the findings of the investigation, and purposefully withhold findings of the investigation to remove the Plaintiff rights to an appeal through the ADOA, causing physical and emotional damage to the Plaintiff.

## SIXTH CLAIM FOR RELIEF

Intentional infliction of emotional distress (IIED);

The defendants committed IIED when they outrageously placed the Plaintiff on administrative leave for a length of time not seen previously, this damaged the credibility of the Plaintiff as a member of the leadership in the organization, lying to the Plaintiff about the findings of the investigation, and purposefully withhold findings of the investigation to remove the Plaintiff rights to an appeal through the ADOA, causing physical and emotional damage to the Plaintiff.

## SEVENTH CLAIM FOR RELIEF

Wrongful termination.

The Defendants wrongfully terminated the Plaintiff while under protections granted under the Family Medical Leave Act (FLMA). The Defendants wrongfully terminated the Plaintiff as "at will" to deceitfully dismiss the Plaintiff to remove his right to appeal disciplinary actions as their justifications were not factual or true and based on a six-page complaint of lies against the Plaintiff. The Defendants wrongfully terminated the Plaintiff while under Whistleblower protection in agreement to testify against the Defendants in an ongoing right violation against the Veterans.

## EIGHTH CLAIM FOR RELIEF

11

Violation of Family Medical Leave Act;

The Defendants violated the Family Medical Leave Act when inquiring about details of the Plaintiff qualifying medical condition, when asking the Plaintiff not to take any time to seek medical treatment until after the holidays, and when the dismissed the Plaintiff while on FMLA.

## NINTH CLAIM FOR RELIEF

Violation of The Whistleblower Protect Act;

The Defendants violated the Whistleblower Protect Act when outrageously taking extreme actions against the Plaintiff including extended administrative leave, and wrongful termination.

## TENTH CLAIM FOR RELIEF

Hostile work environment;

The Defendants created and allowed a hostile work environment when they denied the Plaintiff to know the alleged allegations against him so he could defend himself, by allowing the Defendant Reboul to continue to commit libel and slander against the Plaintiff, by taking outrageous disciplinary actions against the Plaintiff without an investigation and assuming the Plaintiff guilty based on his Sex.

## VI. REQUEST FOR RELIEF

Plaintiffs, respectfully request that the Court enter judgment in their favor and against Defendant as follows:

a.  Declaring that Defendants have violated Title VII of the Civil Rights Act of 1964 in discrimination against the Plaintiff based on his sex

b.  Declaring that Defendants committed Libel Defamation against the Plaintiff

c.  Declaring that Defendants committed Slander Defamation against the Plaintiff

d.  Declaring that Defendants committed retaliatory actions against the Plaintiff.

e.  Declaring that Defendants committed Negligent infliction of emotional distress (NEID) against the plaintiff.

f.  Declaring that Defendants committed intentional infliction of emotional distress (IIED) against the plaintiff.

g.  Declaring that Defendants wrongfully dismissed the Plaintiff based on lies presented by State of Arizona employee Angela Reboul

h.  Declaring that Defendants are financially responsible for damages brought by their actions in the amount of $7,000,000.00 (seven million dollars).

i.  Declaring that Defendants are financially responsible for damages brought by their actions in additional monetary damages as seen fit by the Court.

Awarding judgement to Plaintiff in the amount of $7,000,000.00 for the totality of their misconduct. Part of the funds coming from the total retirement benefits of Angela Reboul, Kimberly Trotta, Danielle Salomon, and Marisella Gomez and the remainder from the State of Arizona.

j.  Awarding Plaintiffs' reasonable attorneys' fees, costs, and expenses.

k.  Awarding post-judgment interest on any amounts awarded; and

l.  Awarding such other and further relief as may be just and proper.


## VII. JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury on all causes of action so triable.


RESPECTFULLY SUBMITTED this 15th day of April, 2024.


**Bradley Ruggles Pro Se**

/s/

Bradley Ruggles Pro Se
12718 W Avalon Dr.
Avondale, Arizona 85392

## CERTIFICATE OF SERVICE

I hereby certify that on this __th day of _____ 2024, I delivered physically the attached document to the Clerk's office for filing, and mailed and/or delivered and/or served a copy to:

State of Arizona Attorney General

Department of Law Building

1275 West Washington Street

Phoenix, AZ 85007

/s/ *[signature]*

**Bradley Ruggles**

12718 W Avalon Dr

Avondale, AZ 85392

**Pro Se**

15

# Exhibit 1




**STATE OF ARIZONA**
ARIZONA DEPARTMENT OF VETERANS' SERVICES
OFFICE OF THE DIRECTOR
3839 N. THIRD STREET
PHOENIX, AZ 85012
Tel 602.255.3373 • Fax 602.255.1038
www.azdvs.gov

**KATIE HOBBS**
GOVERNOR

**DANA ALLMOND**
DIRECTOR

May 9, 2023

Bradley Ruggles
12718 W. Avalon Drive
Avondale, AZ 85392

Dear Bradley:

This letter is official notice that your services are no longer needed with the Department of Veterans' services, effective May 10, 2023.

As an uncovered employee, you do not have the right to grieve this action or the right to appeal this action to either the Law Enforcement Merit System Council or the State Personnel Board.

Please return all state property immediately.

Sincerely,

Dana C. Allmond
Dana Allmond
Director

cc:    Employee Personnel File
       Agency Human Resources Manager

# Exhibit 2

## NOTICE OF CLAIM AGAINST THE STATE OF ARIZONA
Claims must be filed in accordance with A.R.S. §12-821.01
Please type or print legibly.
All items MUST be completed.

### CLAIMANT INFORMATION

Claimant's Name: _Bradley Rhodes_

Address: _12718 W St Avalon Dr_ City: _Avondale_ State: _AZ_ Zip: _85392_

Phone # (Home) _623-330-8311_ (Work) _N/A_ (Cell) _623-330-8311_

Email Address: _bradrhodess32@gmail.com_

What is your preferred method of communication (mail or email)? (Circle one): _EMAIL_

| DATE OF OCCURRENCE | LOCATION OF OCCURRENCE (INCLUDE CITY) | DETAILS OF PROPERTY TO BE DAMAGED? |
| --- | --- | --- |
| _11/3/2023_ | _Web as Applicable?_ | _N/A_ |
| | | DIRECTION OF TRAVEL |
| TIME OF OCCURRENCE | | EXIT/MILEPOST/STREET NAME |
| _N/A_ □AM | _Phx AZ 85012_ | INTERSTATE/HIGHWAY |
| | | LICENSE PLATE NUMBER/STATE |
| | | VIN |

Identify the circumstances under which the damages or injuries were sustained, the cause thereof, and the nature and extent of the damage and/or injuries. List the State agency if known. You may attach additional pages if necessary. _CLAIMANT FILES NOTICE OF CLAIM INCLUDING BUT NOT_ _LIMITED TO DISMISSAL DUE TO DISCRIMINATION (BASED ON GENDER &_ _DISABILITY), MEDICAL HISTORY (FMLA RETALIATION), RETALIATION (EEOC COMPLAINT_ _AND WHISTLE BLOWING) (RETALIATION) AGAINST BUT NOT LIMITED TO DANA ALLMON,_ _STATE OF ARIZONA, ARIZONA DEPARTMENT OF VETERAN SERVICES, ARIZONA DEPARTMENT_ _OF CORRECTIONS (ADOC), KATIE HOBB (GOVERNOR), WANDA WRIGHT, KIMBERLY TRATTA,_ _??? SMITH, ALICIA BUENNA, JEFFREY COOK, KEVIN ANDERSON, DANIELLE SALOMON,_ _PRISCILLA GOMEZ, LORENE MILLS, ANGELA REBOLL, AND THE/OTHER DOE_

Amount of Claim $_3,500,000.00_ In order for a claim to be valid, ARS 12-821.01 (A) requires the claimant to include a specific amount for which the claim can be settled. The statute requires the claim be filed with the State of Arizona within 180 days after the cause of action accrues.

Claimant Signature: _Bradley Rhodes_ Date: _11/3/2023_

Mail or hand deliver the ORIGINAL to: Office of the Attorney General
2005 N. Central Avenue
Phoenix, AZ 85004

PLEASE: Return all supporting documents (Estimates, Bills, Photographs, etc.) Please maintain a copy of the completed Notice of Claim and supporting documents for your records.

Website Copy

# Exhibit 3



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, AZ 85012
(602) 661-0002
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 01/16/2024

**To:** Mr. Bradley Ruggles
12718 W Avalon Dr
AVONDALE, AZ 85392
Charge No: 540-2023-01851

EEOC Representative and email:    JEREMY YUBETA
Enforcement Manager
jeremy.yubeta@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 540-2023-01851.

On behalf of the Commission,

For, Rayford O. Irvin
Acting District Director

**Cc:**
Danielle Salomon
Arizona Dept. of Veterans Services
3839 N. 3rd St.
Phoenix, AZ 85012

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 540-2023-01851 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Rayford O. Irvin, 3300 North Central Avenue Suite 690, Phoenix, AZ 85012.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 540-2023-01851 to the District Director at Rayford O. Irvin, 3300 North Central Avenue Suite 690, Phoenix, AZ 85012.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.