**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Bradley J Ruggles,<br>Plaintiff,<br>v.<br>State of Arizona, et al.,<br>Defendant. | No. CV-24-00856-PHX-DWL<br><br>**ORDER** |

The scheduling order in this case sets forth a procedure for raising discovery disputes and requires both sides to participate in the formulation and filing of a joint statement. (Doc. 42 at 4-5.) The scheduling order also sets various deadlines and emphasizes that "[t]he Court intends to enforce the deadlines set forth in this Order, and the parties should plan their litigation activities accordingly." (*Id.* at 8, emphasis omitted.) The scheduling order further provides an express "warn[ing] that failure to meet any of the deadlines in this Order or in the Federal or Local Rules of Civil Procedure without substantial justification may result in sanctions, including dismissal of the action or entry of default." (*Id.* at 8-9.)

On August 27, 2026, Defendant filed a unilateral statement of discovery dispute. (Doc. 54.) Defendant provides the following explanation for its decision to file a unilateral statement. On August 25, 2026, Defendant attempted to schedule a phone call with Plaintiff to discuss the parties' outstanding discovery disputes, but Plaintiff did not provide his phone number. (*Id.* at 1.) On August 26, 2026, Defendant again attempted to speak

with Plaintiff and identified "two time windows totaling over five hours," but Plaintiff waited until the end of the second window before stating he was unavailable. (*Id.* at 1-2.) Defendant then proposed that each side provide its summary to the other side on August 27, 2026. (*Id.* at 2.) Defendant stated that it would "provide its summary to Plaintiff by noon" and "asked that Plaintiff provide his summary by 2:00 pm," but Defendant then missed its own self-imposed deadline, sending its summary to Plaintiff at 2:45 p.m. (*Id.*) Around 6:00 p.m., Plaintiff wrote back to complain about not receiving Defendant's summary by noon, but he failed to include his own summary. (*Id.*) "Accordingly, given the pressing deadlines, Plaintiff's uncooperative posture throughout this process, and Plaintiff not responding until around 6:00 pm with no indication when he would provide his dispute portion, if ever, Defendant unilaterally files this report." (*Id.*)

The statement proceeds to describe three distinct discovery disputes, which Defendant attributes to "Plaintiff's failure to prosecute his claims, Plaintiff's failure to cooperate with case deadlines, and Plaintiff's failure to adhere to the Local and Federal Rules of Civil Procedure." (*Id.*) First, Defendant contends it served discovery requests on Plaintiff on April 17, 2026, but Plaintiff responded to some of those requests (interrogatories and requests for admissions) two months late and still has not responded to requests for production, such that Defendant asks the Court to compel production and "not extend the deadline for written discovery that passed weeks ago." (*Id.* at 2-3.)

Second, Defendant contends that on August 17, 2026, it informed Plaintiff that it intended to schedule his deposition via Zoom for September 1, 2026 unless he objected to that date; that on August 19, 2026, after Plaintiff failed to specifically object to that date, it formally noticed the deposition for September 1, 2026; and that Plaintiff subsequently raised objections based both on the need for more time to prepare and based on his technophobia. (*Id.* at 3-4.)

Third, Defendant contends that on August 26, 2026, Plaintiff noticed four fact-witness depositions for September 4, 2026, but "Plaintiff's Notice was not filed even ten calendar days before the purported deposition day and does not allow Defendant time to

prepare its employees for deposition. Moreover, none of these individuals are defendants in this matter and each require more than a few days' notice that Plaintiff intends to depose them. Plaintiff did not first request their availability or provide potential deposition dates for Defendant's employees before filing his notice. In addition to not providing reasonable notice of the depositions, the purported deposition day is the first day of Labor Day weekend[1] and the potential deponents may already be on pre-arranged vacations or otherwise unavailable." (*Id.* at 4.)

Although the Court recognizes there can be two sides to every story, Plaintiff's failure to participate in the joint-notice process means he has forfeited, at least for now, his right to provide his side of the story with regard to the three discovery disputes (or with respect to his failure to participate in the joint-notice process). Plaintiff's lack of participation is particularly problematic because Defendant's notice raises time-sensitive issues that require a prompt resolution.

Under the circumstances, the Court concludes the best path forward is as follows. First, the four depositions that Plaintiff noticed for September 4, 2026 (i.e., the depositions of Salomon, Kalu, Nsagane, and Reboul) are vacated. As an initial matter, the Court notes that September 4, 2026 was an impermissible deposition date under the scheduling order, which provides that "[t]he deadline for completion of fact discovery . . . shall be September 11, 2026" and that "[a]ll depositions shall be scheduled to start at least five working days before the discovery deadline." (Doc. 42 at 2.) In light of the Labor Day holiday (i.e., September 7, 2026), the fifth working day before September 11, 2026 is September 3, 2026.

Putting that aside, under Rule 30(b)(1) of the Federal Rules of Civil Procedure, "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." Although "[t]here is no bright line rule defining what constitutes reasonable notice," "courts often have viewed the Rule 32 14-day period as a general benchmark." 1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary § 30:29

[1] This is not accurate. September 4, 2026 is the Friday before Labor Day weekend, which is a business day. The Court accepts, however, that this is a day when some take a vacation day.

(June 2026 update). Here, Plaintiff filed the deposition notice for all four of these witnesses on August 26, 2026, only nine days before the scheduled deposition date of September 4, 2026. (Doc. 53.) This was not reasonable notice. Perhaps the Court will allow these depositions to be rescheduled (with adequate notice) after hearing Plaintiff's side of the story, but at least for the time being, they are vacated.

In contrast, Plaintiff received reasonable notice of the date of his deposition (Doc. 52), and Plaintiff has forfeited—through his failure to participate in the joint-notice process—any objection to it. Thus, Plaintiff's Zoom deposition on September 1, 2026 is confirmed. Under Rule 37(d), a party's failure to attend its own deposition may result in significant sanctions, including dismissal.

As for Defendant's written discovery requests, the Court will order the parties to submit another joint statement that addresses both those requests and the potential rescheduling of the Salomon, Kalu, Nsagane, and Reboul depositions.

Accordingly,

**IT IS ORDERED** that:

1. The depositions of Salomon, Kalu, Nsagane, and Reboul (Doc. 53) are **vacated**.

2. The deposition of Plaintiff on September 1, 2026 (Doc. 52) is **confirmed**.

3. By September 9, 2026, the parties shall meet and confer, in good faith, regarding Defendant's written discovery requests and the potential rescheduling of the Salomon, Kalu, Nsagane, and Reboul depositions.

4. If the parties are unable to resolve their disputes as to those issues through the meet-and-confer process, they shall, by September 16, 2026, file a joint notice of discovery dispute that complies with the requirements in the scheduling order.

Dated this 28th day of August, 2026.

Dominic W. Lanza
United States District Judge